UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-73-FDW

| COBEY LAKEMPER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| GEORGE T. SOLOMON, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. Also pending are Plaintiff's Motion to Compel Defendants to Issue Money Order Deducting Funds to Pay Filing Fee and Copies, (Doc. No. 2), and Plaintiff's Motion to Compel Defendants to Allow Use of Copy Machine, (Doc. No. 7).

On May 16, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5). On May 18, 2017, the Court received a payment for Plaintiff's full filing fee of $400. (Doc. Entry Dated May 18, 2017).

**I.   BACKGROUND**

Pro se Plaintiff Cobey LaKemper, a North Carolina state inmate currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on April 25, 2017, pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff brings various, unrelated claims against thirteen Defendants, based on events occurring at Alexander Correctional Institution and

1

based on events that occurred while Plaintiff was previously incarcerated at Pasquotank Correctional Institution in Elizabeth City, North Carolina.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Under Rule 18(a) of the Federal Rules of Civil Procedure, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. See FED. R. CIV. P. 18(a). However, to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact. See FED. R. CIV. P. 20(a)(2). Here, Plaintiff's complaint brings multiple, unrelated claims against numerous defendants. Thus, Plaintiff's allegations fail to comply with the rules governing the joinder of multiple claims and defendants in the same lawsuit. See George v.

Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). For instance, Plaintiff's "SRG Classification/Mail Injuries" claim against various Defendants is wholly unrelated to his "law library denial" claim. Furthermore, some of Plaintiff's claims arise out of events that occurred while he was incarcerated at Pasquotank Correctional Institution, which is in Elizabeth City, North Carolina. Therefore, as to some of Plaintiff's claims against some of the named Defendants, the proper venue appears to be the Eastern District of North Carolina. See 28 U.S.C. § 1391(b)(2). The Court will allow Plaintiff the opportunity to amend the Complaint to comply with Rules 18 and 20. That is, in an amended Complaint, Plaintiff may choose which distinct claims he wishes to pursue in this action. As to wholly unrelated claims against different Defendants, he must bring those claims through separately filed lawsuits. Furthermore, if Plaintiff chooses to amend his Complaint, Plaintiff's claims against certain Defendants arising out of conduct that occurred in the Eastern District of North Carolina will likely be subject to dismissal for lack of proper venue.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to amend the complaint in accordance with this order. If Plaintiff fails to amend the complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff. Furthermore, to the extent that an amended complaint purports to bring

claims against multiple defendants that are wholly unrelated, the amended complaint will be subject to dismissal without further notice to Plaintiff for the reasons explained in this order.

2. The Clerk is directed to mail Plaintiff a new Section 1983 complaint form.

3. Plaintiff's Motion to Compel Defendants to Issue Money Order Deducting Funds to Pay Filing Fee and Copies, (Doc. No. 2), and Plaintiff's Motion to Compel Defendants to Allow Use of Copy Machine, (Doc. No. 7), are both **DENIED** as moot at this time.

4. Finally, the Court notes that after this Court entered its order directing monthly payments to be paid from Plaintiff's prison account, Plaintiff paid the filing fee of $400 in full. Therefore, the Clerk is respectfully instructed to rescind and terminate its order dated May 16, 2017. See (Doc. No. 11).

Signed: May 26, 2017

Frank D. Whitney
Chief United States District Judge