# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### 5:17-cv-73-FDW

| | |
|---|---|
| COBEY LAKEMPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | )     **ORDER** |
| | ) |
| GEORGE T. SOLOMON, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 17). See 28 U.S.C. § 1915(a). Plaintiff is proceeding in forma pauperis.

## I.     BACKGROUND

Pro se Plaintiff Cobey LaKemper, a North Carolina prisoner incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina, filed this action on April 25, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff filed an Amended Complaint on July 27, 2017. Plaintiff has named the following persons as Defendants: (1) Kenneth Lassiter, identified as the current Director of Prisons for the North Carolina Department of Public Safety ("NCDPS"); (2) George Solomon, identified as the former NCDPS Director of Prisons; (3) Christopher Rich, identified as the Chief Security Risk Group ("SRG") Coordinator for NCDPS; (4) Levi Brothers, identified as an SRG Correctional Officer at Pasquotank Correctional Institution at all relevant times; (5) Larry Swain, identified as an SRG Correctional Officer at Pasquotank Correctional Institution at all relevant times; (6) Benjamin A. Carver, identified as the Former DHO/Assistant

Superintendent at Alexander Correctional Institution; (7) FNU Chester, identified as an SRG Correctional Officer at Alexander Correctional Institution at all relevant times; and (8) FNU Dula, identified as an SRG Correctional Officer at Alexander Correctional Institution at all relevant times. Plaintiff alleges that his Fourteenth Amendment, Eighth Amendment, and other constitutional rights are being violated because he has been wrongly classified as being in a security threat group ("STG") (i.e., a gang member) while in prison, and that Defendants have retaliated against him in various forms for filing grievances. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II.      STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.     DISCUSSION

As noted, Plaintiff alleges, among other things, that Defendants have violated his Fourteenth Amendment due process rights by wrongly classifying him as being in a security

threat group ("STG") (i.e., a gang member)). He also alleges that this classification and its attendance consequences amount to cruel and unusual punishment in violation of the Eighth Amendment. First, to the extent that Plaintiff alleges that Defendants violated his Fourteenth Amendment due process rights based on his security classification, to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

The Supreme Court has repeatedly held that a prisoner has no constitutional right under the due process clause to be incarcerated in a particular facility or to be held in a specific security classification, barring some showing by the prisoner that his confinement posed an atypical and significant hardship in relationship to the ordinary incidents of prison life. See Wilkinson v. Austin, 545 U.S. 209 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hewitt v. Helms, 459 U.S. 460, 468 (1976). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or

degree of confinement ... is within the sentence imposed ... and is not otherwise violative of the Constitution.'") (quoting <u>Hewitt v. Helms</u>, 459 U.S. 460, 468 (1983)).

Here, Plaintiff's designation as a security threat group member is nothing more than a security classification used by the prison. Moreover, Plaintiff does not allege any facts showing that his current state of confinement poses an atypical and significant hardship in relationship to the ordinary incidents of prison life. Thus, Plaintiff fails to state a due process claim based on his STG classification. <u>Accord</u> <u>Hamilton v. Welton</u>, No. 1:15-cv-963, 2015 WL 6453850, at *5 (W.D. Mich. Oct. 26, 2015); <u>Taylor v. Clore</u>, No. 7:07cv448, 2007 WL 2892681, at *3 (W.D. Va. Sept. 28, 2007).

Next, as for Plaintiff's cruel and unusual punishment claim, his custody level does not satisfy the very high standards for cruel and unusual punishment under the Eighth Amendment. <u>See</u> <u>De'Lonta v. Angelone</u>, 330 F.3d 630, 634 (4th Cir. 2003). In other words, even if Plaintiff is correct that he is being held at the wrong custody level, this does not amount to cruel and unusual punishment under the Eighth Amendment. <u>Accord</u> <u>Lattimore v. Doe</u>, No. 1:13CV692, 2014 WL 197807, at **1-3 (M.D.N.C. Jan. 14, 2014).

Finally, to the extent that Plaintiff alleges that Defendants violated his First Amendment rights based on his security threat group classification as a result of the fact that Plaintiff has certain tattoos that purportedly have gang signs on them, Plaintiff fails to state a cognizable claim under the First Amendment. <u>See</u> <u>Jones v. N.C. Prisoners' Labor Union, Inc.</u>, 433 U.S. 119, 129-32 (1977) (prison officials may curtail prisoners' First Amendment rights if they determine that particular expressive or associational conduct has a "likelihood of disruption to prison order or stability, or otherwise interfere[s] with [] legitimate penological objectives"); <u>Cervantes v. Adams</u>, 507 F. App'x 644, 644-45 (9th Cir. 2013) ("The district court properly

dismissed [plaintiff's] First Amendment claim challenging the prison's determination that symbols found in a tattoo on his body and a drawing in his cell were associated with the Mexican Mafia prison gang and could serve as source items in his gang validation.").

The Court does find, however, that to the extent that Plaintiff is alleging that Defendants have retaliated against him for filing grievances by wrongly assigning him to the wrong custody classification; by confiscating, delaying, tampering with, and/or destroying some of his outgoing and incoming mail; confiscating books; and by making up disciplinary infractions against him, Plaintiff's retaliation claim survives initial review as it is not clearly frivolous.  See Booker v. S.C. Dep't of Corrs., 855 F.3d 533 (4th Cir. 2017).  Thus, the Court will allow this action to go forward on initial review as to Plaintiff's retaliation claim.

 Finally, the Court observes that Plaintiff has named as Defendants several individuals who were employed at all relevant times at Pasquotank Correctional Institution, which is in the Eastern District of North Carolina.  Plaintiff contends that although the various claims in this action arose while he was at Pasquotank, where he was first classified as STG, "many of the injuries occurring as a result of Plaintiff's classification . . . occurred not until after Plaintiff was transferred to Alexander in the Western District."  Plaintiff contends, therefore, that he should be able to bring all of his claims against the named Defendants in a single action and that venue is proper in this district as to the Pasquotank Defendants.  After service is made, Defendants who were employed at Pasquotank at all relevant times may certainly address this issue in their responsive pleadings.

## IV.    CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A in accordance with the terms of this Order.  That is, Plaintiff's Fourteenth Amendment,

Eighth Amendment, and other constitutional claims based solely on his security classification are dismissed. Plaintiff's retaliation claim, however, survives initial review.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review in accordance with the terms of this order.

2. The Clerk shall send Plaintiff summons forms to fill out so that service may be made on Defendants. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Signed: September 29, 2017

Frank D. Whitney
Chief United States District Judge