| | | |
|---|---|---|
| **COBEY LAKEMPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| **GEORGE T. SOLOMON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on a Motion for Reconsideration, (Doc. No. 20), filed by pro se Plaintiff Cobey Lakemper, following this Court's dismissal on initial review of various constitutional claims purportedly raised by Plaintiff in this action, filed under 42 U.S.C. § 1983.  See (Doc. No. 18).

Plaintiff's motion for reconsideration will be granted in part and denied in part. Specifically, this Court affirms its finding, in its initial order, that Plaintiff did not state various constitutional claims that he raised in his Amended Complaint based on Defendants' classification of Plaintiff as a gang member while he was incarcerated at Pasquotank and Alexander Correctional Institutions.  This Court specifically discussed Plaintiff's First Amendment, Fourteenth Amendment, and Eighth Amendment claims and found that Plaintiff failed to state a cognizable claim under any of these constitutional provisions based on his security classification as a gang member.  As noted in its prior order, however, the Court found that Plaintiff's retaliation claim survived initial review, based on his allegations that prison

1

officials, among other things, "intentionally and maliciously" destroyed Plaintiff's mail to and from family and friends in retaliation for his filing grievances.

Plaintiff contends in his motion for reconsideration that he intended to bring a stand-alone First Amendment claim based on "his right to send and receive mail and thereby communicate with family and friends." His Amended Complaint framed Defendants' conduct of tampering with and destroying his mail as retaliatory for Plaintiff's filing of grievances. Thus, the Court allowed a retaliation claim to proceed based on those allegations. Nevertheless, the Court finds, on reconsideration, that Plaintiff may pursue a stand-alone First Amendment claim based on his right to send and receive mail, if he so wishes.

In the motion for reconsideration, Plaintiff also alleges that, as a result of the "intentionally erroneous and retaliatory assignment of SRG classification," he also stated a "Fourteenth Amendment class of one equal protection" claim and a Fifth Amendment double jeopardy claim. See (Doc No. 20 at 11). The Court finds that Plaintiff has failed to state a cognizable equal protection claim or a double jeopardy claim in his Amended Complaint based on his security classification. Thus, as to these purported claims, the motion for reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 20), is **GRANTED** in part and **DENIED** in part.

Signed: November 6, 2017

Frank D. Whitney
Chief United States District Judge