```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-73-FDW
```

| | |
|---|---|
| COBEY LAKEMPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| GEORGE T. SOLOMON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on the following motions by pro se Plaintiff Cobey Lakemper: (1) Motion Seeking a Ruling as to Fourteenth Amendment re Order on Motion for Reconsideration, (Doc. No. 27); (2) Motion for Leave to File Supplemental Pleading, (Doc. No. 31); (3) Motion for Discovery, (Doc. No. 32); (4) Motion to Stay Discovery, (Doc. No. 34); Motion to Modify/Expand Discovery, (Doc. No. 35); Motion for Recusal of Judge, (Doc. No. 36); Motion for Leave to File Supplemental Pleading, (Doc. No. 37); and Motion to Appoint Counsel, (Doc. No. 38).

First, as to Plaintiff's Motion Seeking a Ruling as to Fourteenth Amendment, Plaintiff contends in his motion for reconsideration that he raised, in his Amended Complaint, a Fourteenth Amendment due process claim based on his allegation that Defendants rejected and then destroyed some of Plaintiff's incoming and outgoing mail to and from family and friends without providing notice or an opportunity to appeal. Plaintiff contends that the Court did not address this particular claim on initial screening, and he wishes to pursue this claim. The Court will grant the motion for reconsideration and allow Plaintiff to pursue this claim. Therefore, the

parties are advised that this claim should be addressed in any dispositive motions to be filed by the parties.

Next as to Plaintiff's two separately filed Motions for Leave to File a Supplemental Pleading, Plaintiff states that he would like to supplement his Complaint, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, to allege various, additional, factual allegations of retaliation by various Defendants since the filing of this action.  Rule 15(d) allows a party to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Where a plaintiff seeks to supplement a pleading to add related claims against the same defendants, the analysis under Rule 15(a) and Rule 15(d) is the same.  See Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002) ("[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical.").  In either situation, leave should be freely granted, and should be denied only on the grounds of prejudice, bad faith, or futility.  Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006).  The Court will grant Plaintiff's motions to supplement.

Next, as to Plaintiff's Motion for Discovery, filed on January 29, 2018, Plaintiff states that he seeks 120 days in which to conduct discovery.  On March 7, 2018, this Court filed a scheduling order, setting the deadline for discovery as July 5, 2018, thus giving the parties 120 days from the Court's order in which to conduct discovery.  The Court will, therefore, deny Plaintiff's motion for discovery as moot.

Next, as to Plaintiff's Motion to Stay Discovery, filed on March 21, 2018, Plaintiff states that he seeks a "stay of discovery" until the Court rules on Plaintiff's motion for reconsideration seeking to pursue his Fourteenth Amendment claim, as discussed above.  The Court will deny the motion for discovery, as the parties still have ample time before the discovery deadline in

which to conduct discovery as to Plaintiff's Fourteenth Amendment claim.

Next, as to Plaintiff's Motion to Expand Discovery, also filed on March 21, 2018, Plaintiff contends that, "[d]ue to the specifics of this case, including the extent of the issues and acts and number of defendants, Plaintiff submits that this Court should allow in a modified discovery order the following: 25 interrogatories per defendant pursuant to Rule 33 Fed. R. Civ. P., 50 requests for admissions per defendant; 10 depositions by written questions; and an unlimited number of requests for production of documents." (Doc. No. 35 at 4). The Court will deny Plaintiff's motion, as the discovery allowed by the Court's scheduling order allows ample discovery from the parties.

Next, as to Plaintiff's Motion for Recusal of Judge, Plaintiff seeks recusal of the undersigned for various reasons, including that the undersigned has not yet ruled on the various motions that the Court is now addressing. The Court will deny the motion to recuse. A judge may be recused for personal bias or prejudice, having a familial or fiduciary interest in the proceeding, having personal knowledge of disputed facts, or having a conflict of interest from his prior practice. See 28 U.S.C. §§ 144, 455. Plaintiff has not asserted sufficient facts setting forth grounds for disqualification of the undersigned under either 28 U.S.C. § 144 or § 455.[1] See Liteky v. United States, 510 U.S. 540, 555 (1994) (noting that prior judicial rulings alone are not a basis for a motion for recusal on the grounds of bias or partiality). "[T]he nature of the judge's bias must be personal and not judicial." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). In sum, for the reasons stated herein, the motion for recusal is denied.

---

[1] Plaintiff did not cite to Section 144 or Section 455, and she has not provided an affidavit supporting the motion as required under Section 144.

Finally, as to Plaintiff's Motion to Appoint Counsel, in support of the motion, Plaintiff states, among other things, that he cannot afford counsel; his imprisonment will greatly limit his ability to litigate the issues; the issues are complex; he has limited access to the law library and limited knowledge of the law; a trial would involve conflicting testimony; and he has tried to obtain an attorney to no avail. (Id. at 1). There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Motion Seeking a Ruling as to Fourteenth Amendment re Order on Motion for Reconsideration, (Doc. No. 27) is **GRANTED**;

(2) Plaintiff's Motion for Discovery, (Doc. No. 32), is **DENIED** as moot;

(3) Plaintiff's Motion to Stay Discovery, (Doc. No. 34), is **DENIED**;

(4) Plaintiff's Motion to Modify/Expand Discovery, (Doc. No. 35), is **DENIED**;

(5) Plaintiff's Motion for Recusal of Judge, (Doc. No. 36), is **DENIED**;

(6) Plaintiff's Motions for Leave to File Supplemental Pleading, (Doc. Nos. 31, 37) are **GRANTED**;

(7) Plaintiff's Motion to Appoint Counsel, (Doc. No. 38), is **DENIED**.

Signed: May 7, 2018

Frank D. Whitney
Chief United States District Judge