# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-00073-FDW

| | |
|---|---|
| COBEY LAKEMPER,          ) | |
|                          ) | |
| Plaintiff,               ) | |
|                          ) | |
| vs.                      ) | **ORDER** |
|                          ) | |
| GEORGE T. SOLOMON, et al., ) | |
|                          ) | |
| Defendants.              ) | |

**THIS MATTER** is before the Court on pro se Plaintiff's "Motion Requesting Forgiveness for the Remainder of $505.00 Appeal Filing Fee Lien" [Doc. 105], "Motion Seeking a Ruling on Pending Motion Requesting Permission to Immediately Appeal Summary Judgment 'Order'" [Doc. 104], and "Motion Seeking Permission to Immediately Appeal Summary Judgment Order" [Doc. 99-1].

Pro se Plaintiff Cobey LaKemper ("Plaintiff") filed an action under 42 U.S.C. § 1983 on April 25, 2017. [Doc. 1]. On March 27, 2019, the Court issued an Order granting in part and denying in part Defendants' motion for summary judgment. [Doc. 93]. Plaintiff moved to alter or amend that judgment. [Doc. 95]. The Court denied this motion [Doc. 98] and Plaintiff appealed the "portion of the [summary judgment] 'Order' entered by this Court on March 27, 2019 (Doc. No. 93) granting in part summary judgment" [Doc. 99]. At that time, Plaintiff also filed a "Motion Seeking Permission to Immediately Appeal Summary Judgment Order," asking "the Court to 'expressly determine that there is no just reason for delay' and direct entry of final judgment." [Doc. 99-1]. As is required practice, on June 25, 2019, the Clerk of this Court transmitted Plaintiff's Notice of Appeal and the electronic record of this case to the Fourth Circuit. The Fourth

Circuit granted Plaintiff's motion to proceed with his appeal without the prepayment of fees. [Doc. 102]. On December 4, 2019, the Fourth Circuit dismissed Plaintiff's appeal because the summary judgment Order Plaintiff sought to appeal was neither a final order nor an appealable interlocutory or collateral order. [Doc. 103].

Plaintiff now seeks forgiveness of $505.00 filing fee he committed himself to paying when he filed his appeal. Plaintiff states he "presumed that the Court must have granted his motion seeking permission to appeal" because the Court transmitted his Notice of Appeal to the Fourth Circuit. [Doc. 105 at 1]. When a Plaintiff files an appeal of an order of this Court, the Court must transmit the notice of appeal and the record to the Fourth Circuit. There is no discretion involved and it certainly does not depend on whether a certificate of appealability is entered. Further, the Court entered no order on Plaintiff's motion for permission for immediate appeal. As such, Plaintiff's decision to appeal an order he apparently knew was unappealable and to pay the filing fee for his appeal was his own. This Court is without jurisdiction to forgive a filing fee owed to the Fourth Circuit, in any event. The Court will, therefore, deny Plaintiff's motion for forgiveness. Plaintiff can file a motion with the Fourth Circuit if he so chooses.

Next, Plaintiff moves for an order on Plaintiff's pending motion asking the Court to allow Plaintiff to immediately appeal the summary judgment Order under Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiff states that the Court has prevented his case from proceeding by not allowing Plaintiff to immediately appeal. [Doc. 104 at 1]. As often happens, over five months past before the Fourth Circuit issued an opinion dismissing Plaintiff's appeal. [See Docs. 99, 103]. Plaintiff has delayed his own case by filing an appeal from an Order that he knew was not immediately appealable.

The Court will deny Plaintiff's pending motion to immediately appeal. The summary

judgment Order adjudicated some, but not all, of Plaintiff's claims. It is not a final order and, therefore, not immediately appealable. 28 U.S.C. § 1291 ("The courts of appeals … shall have jurisdiction of appeals from all final decisions of the of the district courts in the United States…."); Microsoft Corp. v. Baker, 137 S. Ct. 1702, 1712 (2017) ("From the very foundation of our judicial system, the general rule has been that the whole case and every matter in controversy in it must be decided in a single appeal.") (citation and internal quotation marks omitted). As such, the appellate court is without jurisdiction to here Plaintiff's appeal at this stage of the proceedings.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's "Motion Seeking Permission to Immediately Appeal Summary Judgment Order" [Doc. 99-1] is **DENIED**.

2. Plaintiff's "Motion Seeking a Ruling on Pending Motion Requesting Permission to Immediately Appeal Summary Judgment 'Order'" [Doc. 104] is **DENIED** as moot.

3. Plaintiff's "Motion Requesting Forgiveness for the Remainder of $505.00 Appeal Filing Fee Lien" [Doc. 105] is **DENIED**.

Signed: December 23, 2019

Frank D. Whitney
Chief United States District Judge