# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:17-cv-00073-MR

| | |
|---|---|
| **COBEY LaKEMPER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **GEORGE T. SOLOMON, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Trial Setting and Enforcement of Court's 'Order' dated May 3, 2019" [Doc. 108].

In March 2019, the Honorable Frank D. Whitney, Chief United States District Judge,[1] entered an Order granting in part and denying in part the Defendants' motion for summary judgment. The Court granted said motion as to all claims and all Defendants except for the Plaintiff's claims that Defendants Brothers, Dula, Swain, and Chester violated his First Amendment right to send and receive personal mail and that these Defendants retaliated against him for filing grievances against them by confiscating or otherwise tampering with the Plaintiff's incoming and

---

[1] On April 27, 2020, this matter was reassigned to the undersigned.

outgoing personal mail. [Doc. 93]. Thereafter, the Plaintiff moved for the appointment of counsel. [Doc. 97]. On May 3, 2019, Chief Judge Whitney entered an Order, stating that the Court would "make inquiry into appointing counsel for Plaintiff at this stage of the proceedings and will appoint the attorney(s) identified to represent the Plaintiff by future order of the Court." [Doc. 97 at 2].

The Plaintiff now moves the Court to set this matter for trial and to "enforce" the May 3, 2019 Order by appointing counsel to represent him. [Doc. 108].

Regarding the appointment of counsel, the Court previously advised the Plaintiff that it would "make inquiry" into appointing him an attorney to represent him at trial. [Doc. 97 at 2]. Having made such inquiry, the Court has been unable to find an attorney willing to undertake representing the Plaintiff. Accordingly, the Plaintiff will be required to proceed to trial *pro se*. As the Court previously noted, there is no absolute right to the appointment of counsel in civil actions such as this one. The mere fact that the Plaintiff's case is proceeding to trial does not constitute "exceptional circumstances" warranting the appointment of counsel. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (holding that plaintiff must present "exceptional circumstances" in order to justify appointment of attorney). The Plaintiff has

2

proved himself to be a capable litigant, and the absence of appointed counsel therefore would not be unduly prejudicial to him. Thus, the Plaintiff's motion to "enforce" the Court's May 3, 2019 Order will be denied.

The Court now turns to the Plaintiff's request for a trial setting. The parties have requested a jury trial in this matter. [See Docs. 17, 30]. The ongoing COVID-19 pandemic has made the scheduling of jury trials within this District increasingly difficult. The parties are therefore advised that if they wish to proceed with a trial by jury, such trial is not likely to occur before January 2021. If, however, the parties unanimously agree to waive their right to a jury, the Court would be able to hold a non-jury (bench) trial during the September 2020 term. The Court will allow the parties fourteen (14) days from the entry of this Order to advise how they wish to proceed.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Trial Setting and Enforcement of Court's 'Order' dated May 3, 2019" [Doc. 108] is **DENIED** to the extent that the Plaintiff shall not be appointed counsel and shall proceed to trial *pro se*.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the parties shall advise the Court in writing as to whether they agree to waive their right to a jury trial in this matter.

**IT IS SO ORDERED.**

Signed: June 9, 2020

Martin Reidinger
Chief United States District Judge