IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:17-cv-00073-MR

| | |
|---|---|
| COBEY LaKEMPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GEORGE T. SOLOMON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion Asking Trial Court to Identify Whether NCPLS was Contacted While Conducting Its 'Inquiry' into 'Appointing Counsel for Plaintiff' Prior to Overturning Order of Whitney Court" [Doc. 119].

On June 9, 2020, the Court entered an Order noting that the Court has been unable to find an attorney willing to undertake representing the Plaintiff and therefore requiring the Plaintiff to proceed to trial *pro se*. The Plaintiff sought reconsideration of the decision not to appoint him counsel [Doc. 116], which the Court denied [Doc. 117]. The Plaintiff now asks the Court to advise him whether North Carolina Prisoner Legal Services (NCPLS) was contacted about representing the Plaintiff. [Doc. 119].

The Court denies the Plaintiff's request. The Plaintiff is not entitled to compel the Court to disclose its communications with attorneys regarding potential appointments. Moreover, as the Court previously noted, there is no absolute right to the appointment of counsel in civil actions such as this one, and the Plaintiff's case does not present "exceptional circumstances" warranting the appointment of counsel.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion Asking Trial Court to Identify Whether NCPLS was Contacted While Conducting Its 'Inquiry' into 'Appointing Counsel for Plaintiff' Prior to Overturning Order of Whitney Court" [Doc. 119] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 4, 2020

Martin Reidinger
Chief United States District Judge