IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17 CV 73 MR WCM

| | |
|---|---|
| COBEY LAKEMPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GEORGE T. SOLOMON, *Director of Prisons*, | ) |
| ERIC T. DYE, *Assistant Superintendent –* | ) |
| *Alexander C.I.*, BENJAMIN A. CARVER, | ) |
| *Assistant Superintendent - Alexander C.I.*, | ) |
| ARTHUR A. SICIAK, *Unit Manager –* | )   ORDER |
| *Alexander C.I.*, RUSSELL CHESTER, | ) |
| THOMAS DULA, CHRISTOPHER RICH, | ) |
| *Chief SRG Coordinator – Division of Prisons*, | ) |
| FELIX TAYLOR, *Superintendent –* | ) |
| *Pasquotank C.I.*, COLBERT RESPESS, | ) |
| *Assistant Superintendent –Pasquotank C.I.*, | ) |
| JOSEPH HARRELL, *Assistant* | ) |
| *Superintendent – Pasquotank C.I.*, | ) |
| LEVI BROTHERS, *SRG Correctional Officer –* | ) |
| *Pasquotank C.I.*, LARRY SWAIN, *SRG* | ) |
| *Correctional Officer – Pasquotank C.I.*, | ) |
| FNU BLANKENSHIP, *Correctional Officer –* | ) |
| *Alexander C.I.*, KENNETH E. LASSITER, | ) |
| *Director of Prisons* | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the Court on Defendants' Motion to Excuse their Attendance at the Court-Hosted Settlement Conference (the "Motion," Doc. 122).

A telephonic settlement conference is set for August 18, 2020 beginning at 11:00 a.m. The Court's Order of July 30, 2020 provided instructions regarding the Court's expectations concerning the parties' participation in that conference.

By their Motion, the remaining Defendants—Brothers, Dula, Swain, and Chester ("Defendants")—request that they and any insurance carrier (not including a representative of the North Carolina Department of Public Safety ("NCDPS")) be excused from personally attending the conference. Doc. 122. Defendants contend that this request is justified because NCDPS, as Defendants' employer, is responsible for the first $150,000.00 of liability and because a representative of NCDPS, along with counsel for Defendants, "will have the ability to negotiate and enter into any binding settlement agreement on behalf of Defendants." Id. at p. 2.

Defendants also seek permission for their counsel and the NCDPS representative to participate in the settlement conference from separate locations. Defendants explain that although counsel and the NCDPS representative "will attempt to secure a location large enough to socially distance," they "would prefer to each participate in separate locations to avoid wearing masks that may distort voices and make a conference call difficult." Id.

With respect to Defendants' participation, while defense counsel and the NCDPS representative may have authority to negotiate and enter a binding settlement on behalf of Defendants, as parties to the case Defendants themselves have a vested interest in the matter and the undersigned otherwise believes Defendants' personal participation in the conference would be beneficial.

As for Defendants' location during the conference, under ideal conditions, the undersigned and all parties would be present physically at the same location. The circumstances of this matter and the current public health situation, though, require other arrangements. While the effectiveness of the conference could be diminished if Defendants, their counsel, and the NCDPS representative appear from separate locations, the undersigned also appreciates the need for social distancing. Therefore, Defendants, their counsel, and the NCDPS representative will be given leave to appear telephonically from different physical locations during the settlement conference, with the caveat that defense counsel is responsible for ensuring that all Defendants, their counsel, and the NCDPS representative are on one conference line during the conference.

Considering Defendants' representation that NCDPS is responsible for the first $150,000.00 of Defendants' liability, the undersigned will excuse a representative from any involved insurance carrier (i.e., a representative other

3

than the NCDPS representative) from participating in the conference personally, provided that such a representative is available by telephone during the settlement conference if his or her input is necessary.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Excuse their Attendance at the Court-Hosted Settlement Conference (Doc. 122) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) Defendants' request that Defendants Brothers, Dula, Swain, and Chester be excused from personally participating in the August 18, 2020 settlement conference is **DENIED**;

(2) Defendants, their counsel, and a representative of the North Carolina Department of Public Safety ("NCDPS") are **GRANTED LEAVE** to participate in the settlement conference from different physical locations, provided that defense counsel ensures that all Defendants, their counsel, and the NCDPS representative are on one conference line.

(3) Defendants' request that a representative from any involved insurance carrier (i.e., a representative other than the NCDPS representative) be excused from personally appearing is **GRANTED**; however, defense counsel shall ensure that such representative with settlement authority is available during the settlement conference by telephone as may be necessary.

Signed: August 11, 2020

W. Carleton Metcalf
United States Magistrate Judge