IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17 CV 73 MR WCM

| | |
|---|---|
| COBEY LAKEMPER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE T. SOLOMON, *Director of Prisons*, )<br>ERIC T. DYE, *Assistant Superintendent –* )<br>*Alexander C.I.*, BENJAMIN A. CARVER, )<br>*Assistant Superintendent - Alexander C.I.*, )<br>ARTHUR A. SICIAK, *Unit Manager –* )<br>*Alexander C.I.*, RUSSELL CHESTER, )<br>THOMAS DULA, CHRISTOPHER RICH, )<br>*Chief SRG Coordinator – Division of Prisons*, )<br>FELIX TAYLOR, *Superintendent –* )<br>*Pasquotank C.I.*, COLBERT RESPESS, )<br>*Assistant Superintendent –Pasquotank C.I.*, )<br>JOSEPH HARRELL, *Assistant* )<br>*Superintendent – Pasquotank C.I.*, )<br>LEVI BROTHERS, *SRG Correctional Officer –* )<br>*Pasquotank C.I.*, LARRY SWAIN, *SRG* )<br>*Correctional Officer – Pasquotank C.I.*, )<br>FNU BLANKENSHIP, *Correctional Officer –* )<br>*Alexander C.I.*, KENNETH E. LASSITER, )<br>*Director of Prisons* )<br>)<br>Defendants. )<br>_____ ) | ORDER |

This matter is before the Court on Defendants' Renewed Motion to Excuse their Attendance at the Court-Hosted Settlement Conference (the "Renewed Motion," Doc. 124).

On July 27, 2020, a notice of hearing was published, setting a judicial settlement conference for August 18, 2020.

On July 30, 2020, the undersigned entered an Order describing the arrangements for the conference. Doc. 120.

On August 10, 2020, the remaining Defendants (Brothers, Dula, Swain, and Chester ("Defendants")) filed a motion seeking, among other things, leave to be excused from attending the conference. Doc. 122.

The undersigned issued an Order on August 12, 2020, and granted leave for Defendants, their counsel, and a representative of the North Carolina Department of Public Safety ("NCDPS") to participate in the settlement conference from different physical locations, provided that defense counsel ensured that all Defendants, their counsel, and the NCDPS representative were on one conference line. Doc. 123. The Court denied Defendants' request to be excused from participating in the conference altogether. Id.

The day before the scheduled conference, Defendants filed a renewed motion again requesting that Chester, Swain, and Brothers be excused from personally attending the conference. Doc. 124, p. 3. Defendants stated that Chester was currently on FMLA leave through at least September 17, 2020; that Swain had a scheduling conflict with another legal matter that day; and that defense counsel "d[id] not have a current telephone number or email address to contact Defendant Brothers." Id.

On August 18, 2020, a telephonic hearing was held on the Renewed Motion. At that time, defense counsel agreed to continue his efforts to locate Defendant Brothers and a follow up status conference was scheduled for September 8.

On September 8, 2020, a telephonic status conference was conducted. During that status conference, defense counsel explained that Defendants Swain and Dula were available to participate in a judicial settlement conference, and that Defendant Chester remained on FMLA leave with an anticipated return date of September 17, 2020. Defense counsel provided no authority to indicate that Defendant Chester could not participate in a judicial settlement conference while on FMLA leave, particularly as to claims asserted against Defendant Chester in his individual capacity. With respect to Defendant Brothers, counsel explained that despite calling Defendant Brothers' last known telephone number and sending two letters to him, counsel has been unable to reach Defendant Brothers.

Plaintiff advised that he was willing to proceed with a judicial settlement conference with the Defendants with whom defense counsel has been in contact.

As the undersigned has previously explained, as parties to this case, Defendants themselves have a vested interest in this matter, see Doc. 123, p.

3, and the undersigned continues to believe that Defendants' personal participation in the conference would be beneficial.

With respect to Defendant Chester, the undersigned does not wish to disturb his leave any more than necessary. However, any intrusion caused by a settlement conference should be minimal in light of the fact that Defendants are being allowed to participate by phone from any physical location.

With respect to Defendant Brothers, in view of the inability of defense counsel to contact him, and Plaintiff's consent to a settlement conference with the Defendants with whom defense counsel is in contact, the undersigned will proceed with a settlement conference. While the undersigned remains hopeful that defense counsel will be able to contact Defendant Brothers and that he will participate in the settlement conference, defense counsel, of course, remains free to file any motions regarding his representation of Defendant Brother that counsel deems appropriate.

**IT IS THEREFORE ORDERED THAT:**

1. A judicial settlement conference is **RE-SET** for Wednesday, September 16, 2020 beginning at 2:00 p.m.
2. Defendants' Renewed Motion to Excuse their Attendance at the Court-Hosted Settlement Conference (Doc. 124) is **DENIED.** Defense counsel, the individual Defendants with whom counsel is in contact, and a representative of NCDPS with full authority to resolve the

4

matter shall participate in the settlement conference by telephone. These persons may be located in different physical locations but shall be on one conference line. Defense counsel shall provide the undersigned's chambers with the number of that conference line on or before noon on Tuesday, September 15, 2020.

Signed: September 8, 2020

W. Carleton Metcalf
United States Magistrate Judge