# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:17-cv-00073-MR

| | |
|---|---|
| COBEY LaKEMPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GEORGE T. SOLOMON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Rule 60(b)(3) Motion for Relief from Dismissal Due to Misconduct and Fraud by Assistant Attorney General Alex Williams and Commissioner Todd Ishee" [Doc. 139].

Pro se Plaintiff Cobey LaKemper ("Plaintiff") filed an action under 42 U.S.C. § 1983 on April 25, 2017. [Doc. 1]. On March 27, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment. [Doc. 95]. Thereafter, the Court referred this case to United States Magistrate Judge W. Carleton Metcalf for the purpose of conducting a judicial settlement conference for the remaining claims. [Doc. 117]. The settlement conference was conducted telephonically on September 16, 2020 by the Magistrate Judge. [9/16/2020 Docket Entry]. The parties reached a

settlement as to all issues and the Magistrate Judge ordered that a stipulation of dismissal be filed by October 19, 2020. [Doc. 130; 9/17/2020 Docket Entry]. On Defendants' motions, the Magistrate Judge extended the deadline to file the stipulation of dismissal to October 26, 2020 and then to October 27, 2020. [Docs. 131, 133, 134, 135]. On October 26, 2020, Defendants filed a Stipulation of Dismissal with Prejudice, which had been signed by Plaintiff on October 15, 2020. [Doc. 136].

On December 1, 2020, Plaintiff filed a letter directed to Judge Metcalf in which he claims a "criminal fraud" was perpetrated by defense counsel by counsel's filing of the Stipulation of Dismissal without having first satisfied certain terms of the Settlement Agreement. Namely, Plaintiff states that, according to the terms of the Settlement Agreement, four things were to occur before the Dismissal was filed: (1) his trust fund account debt owed to the Court was to be cleared; (2) payment was to be made to Plaintiff's mother in the amount of $3,946.34; (3) an apology letter was to be sent to Plaintiff's mother; and (4) Plaintiff was to be transferred to Pamlico Correctional Institution.[1] [Doc. 138 at 2].

---

[1] Plaintiff's characterization of the Settlement Agreement is mostly correct. The Agreement does not require that Plaintiff's transfer to Pamlico had to be completed before the Stipulation of Dismissal could be filed. [See Doc. 139-1 at ¶ 2].

Plaintiff states that the only thing that was accomplished before the Dismissal was filed was the payment of Plaintiff's trust fund account debt. [Id.]. Plaintiff further states that, despite the remaining three items not having been accomplished, he was directed by his case manager to sign the Stipulation of Dismissal and that he did so with the understanding that defense counsel "<u>was supposed to file the Dismissal only 'upon compliance with the terms' set forth in the Settlement Agreement</u>." [Id. at 3 (emphasis in original)]. Defense counsel, however, "fraudulently violated those terms by filing the Dismissal before any Settlement items were satisfied <u>using a document [he] was directed to sign by someone with absolute authority over [him]</u>." [Id. (emphasis in original)].

Then, the next day, Plaintiff filed the instant motion pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure seeking relief from the dismissal due to "misconduct and fraud" by defense counsel and Commissioner of Prisons Todd Ishee. [Doc. 139]. This motion parrots and elaborates on the claims and facts alleged in his letter. [See id.]. The Court ordered Defendants and their counsel to show cause within ten (10) days why remedial action should not be taken by the Court as to the matters alleged by the Plaintiff.

Defendants and their counsel timely responded to the Court's show cause Order. [Doc. 141]. Plaintiff also filed documents in response to the Court's Order "in anticipation of the defendants [*sic*] inevitably self-serving and fact-deficient response to the 'Order' issued by this Court" [Doc. 142], claiming that Defendants' response is "riddled with intentional falsehoods" [Doc. 144], and maintaining "the previously-indicated request for relief sought in [Plaintiff's] Rule 60(b)(3) motion … as punitive measures against the defendants" despite acknowledging that the settlement terms have now been met [Doc. 143].

Rule 60(b)(3) gives the Court the power to relieve a party from a final judgment for "fraud …, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The Court has reviewed all submissions by both parties on Plaintiff's motion and declines to allot additional judicial resources to individually parsing each of Plaintiff's claims of fraud. Plaintiff acknowledges that he received all of what he contracted for in the settlement agreement, albeit somewhat after the time called for therein. The Court is duly satisfied that any delay in effectuating the terms of the settlement agreement in this case was inadvertent and that Defendants and their counsel acted in good faith in filing the Stipulation of Dismissal. [See Doc.

136]. There is no legal basis for the relief sought by Plaintiff. The Court will, therefore, deny Plaintiff's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 139] is **DENIED**.

**IT IS SO ORDERED**.

Signed: January 19, 2021

Martin Reidinger
Chief United States District Judge